No. 2601.—VICTOR BURON *v.* ALBERT G. CAGE, Sheriff, etc.

In this case a rule is taken by the purchaser of property at public sale to compel the sheriff to make a title. The sheriff answered that the purchaser claimed to be a first mortgage creditor on the property sold to a large amount, and offered the balance after deducting the amount of his mortgage; that the other mortgage creditor had filed oppositions contesting the rank of the purchaser to the first mortgage; that he could not pass the adjudication because he could not determine the rank of mortgages. Held—That the oppositions never having been tried in the lower court could not be considered on appeal; that a decision on the rule before the oppositions were disposed of would be premature; that in a case like this the ends of justice and the rules of correct practice require that the case should be remanded and cumulated, and tried with the oppositions.

APPEAL from the District Court, parish of Terrebonne. *Train*, J. *E. D. Burguieres* and *E. W. Blake*, for plaintiff and appellee. *F. S. Goode*, for Cage, sheriff. *Taylor Beattie*, for intervenors and appellants.

HOWE, J. This proceeding is founded on a rule taken by the plaintiff upon the sheriff of Terrebonne, who, under a writ of *fieri facias* issued on behalf of plaintiff, had seized and sold certain real estate belonging to Blanchard and Ranson, the judgment debtors.

Previous to the sale, L. H. Generés, Adolphe Perrin, the Crescent City Bank, and Mrs. Charles Gayarré, filed their respective third oppositions claiming rights upon the property and its proceeds superior to those of the seizing creditor, and obtained orders in the usual form directing the sheriff to hold the proceeds of the sale subject to the trial and decision of the oppositions. These orders were served on the sheriff. When the property was offered for sale, the plaintiff, Buron, made a bid of $10,515, and the property, as appears by the return, was struck off to him. The sheriff then called on the purchaser to pay the bid. The latter refused to pay the full amount, but paid to the sheriff the sum of six hundred and eighty-seven dollars, being the amount by which the plaintiff's bid exceeded the principal and interest of his judgment. The sheriff, as he further states in his return, "refused to make the adjudication," and returned the writ after retaining a copy.

The plaintiff thereupon commenced this proceeding to compél the sheriff " to pass a sale of the property adjudged to him according to the formalities of the law, and to give the purchaser a clear and unincumbered title thereof."

The sheriff answered setting up the facts above stated as his reasons for refusing to complete the title. A number of the opponents intervened and joined the sheriff in resisting the demand of plaintiff.

The court *a qua* gave judgment in favor of the plaintiff and the sheriff, Generés and Perrin appealed.

We are of opinion that there was error in the judgment. The third opponents, under the provisions of articles 396, 401 and 402 of the Code of Practice, procured the orders of the court directing the sheriff to retain the proceeds of the sale. The notice of these orders was given to the sheriff before the sale, and he could not comply with them, and with the law, unless the proceeds were paid to him in full by the purchaser. The plaintiff, the highest bidder, contends that, inasmuch as the mortgage to enforce which his judgment was rendered, was first in rank on the property, he is entitled to retain its amount in his hands. It would seem that this involves a *petitio principiis*. The question whether his mortgage is first or not is the very question in dispute, raised by the oppositions. These oppositions have never been tried, and a decision of the case now before us would therefore be premature. We think the interests of justice and the rules of correct practice require that the case should be remanded and that this proceeding should be cumulated with the oppositions, that they may be determined together, with due regard to the rights of all parties.

It is therefore ordered that the judgment appealed from be avoided and reversed, and the cause remanded to be proceeded with according to law, and that the appellee pay the costs of the appeal.